**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| YUPOONG INC.; | ) | |
| FLEXFIT LLC, | ) | |
| | ) | |
| Plaintiffs, | ) | Case No.: 1:19-cv-06675 |
| | ) | |
| v. | ) | |
| | ) | |
| THE 723 INDIVIDUALS, CORPORATIONS, | ) | |
| LIMITED LIABILITY COMPANIES, | ) | |
| PARTNERSHIPS, AND | ) | |
| UNINCORPORATED ASSOCIATIONS | ) | |
| IDENTIFIED ON SCHEDULE A HERETO, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

## COMPLAINT

Plaintiffs YUPOONG INC. and FLEXFIT LLC (collectively "Plaintiffs"), by their undersigned counsel, hereby complain of the Individuals, Corporations, Limited Liability Companies, Partnerships, and Unincorporated Associations identified on **Schedule A** attached hereto (collectively, "Defendants"), and for their Complaint hereby allege as follows:

### JURISDICTION AND VENUE

1.      This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Lanham Act, 15 U.S.C. § 1051 et seq., 28 U.S.C. § 1338(a)–(b), and 28 U.S.C. § 1331. This Court has jurisdiction over the claims in this action that arise under the laws of the State of Illinois pursuant to 28 U.S.C. § 1367(a) because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

2.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391, and this Court may properly exercise personal jurisdiction over Defendants, because each of the Defendants directly targets consumers in the United States, including Illinois, through at least the fully interactive commercial Internet stores operating under the Defendant Domain Names and/or the Online Marketplace Accounts identified in Schedule A attached hereto (collectively, the "Defendant Internet Stores"). Specifically, Defendants are reaching out to do business with Illinois residents by operating one or more commercial, interactive Internet Stores through which Illinois residents can purchase products bearing counterfeit versions of Plaintiffs' trademark. Each of the Defendants has targeted sales from Illinois residents by operating online stores that offer shipping to the United States, including Illinois, accept payment in U.S. dollars, and, on information and belief, has sold products bearing counterfeit versions of Plaintiffs' federally registered trademark to residents of Illinois. Each of the Defendants is committing tortious acts in Illinois, is engaging in interstate commerce, and has wrongfully caused Plaintiffs substantial injury in the State of Illinois.

## INTRODUCTION

3.      This action has been filed by Plaintiffs to combat online counterfeiters who trade upon Plaintiffs' reputation and goodwill by selling and/or offering for sale products in connection with the Plaintiffs' FLEXFIT trademarks, which are covered by, inter alia, U.S. Trademark Registration No. 2,379,790.[1] The Registrations are valid, subsisting, and in full force and effect. A true and correct copy of the federal trademark registration certificate, including registered change of name document, is attached hereto as **Exhibit 1**.

---

[1] Plaintiffs have over 40 U.S. Trademark Registrations for various marks utilized in their catalogue of products. The most relevant registration for this case is U.S. Trademark Registration No. 2,379,790, which covers the word mark FLEXFIT in International Class 025 and was registered on August 22, 2000 (and has a first use in commerce in 1994).

4.      The Defendants create numerous Defendant Internet Stores and design them to appear to be selling genuine Plaintiff products, while selling inferior imitations of Plaintiffs' products. The Defendant Internet Stores share unique identifiers, such as design elements and similarities of the counterfeit products offered for sale, establishing a logical relationship between them and suggesting that Defendants' illegal operations arise out of the same transaction, occurrence, or series of transactions or occurrences. Defendants attempt to avoid liability by going to great lengths to conceal both their identities and the full scope and interworking of their illegal counterfeiting operation. Plaintiffs are forced to file this action to combat Defendants' counterfeiting of Plaintiffs' registered trademarks, as well as to protect unknowing consumers from purchasing unauthorized FLEXFIT products over the Internet. Plaintiffs have been and continue to be irreparably damaged through consumer confusion, dilution, and tarnishment of their valuable trademark as a result of Defendants' actions and seeks injunctive and monetary relief.

5.      This Court has personal jurisdiction over each Defendant, in that each Defendant conducts significant business in Illinois and in this Judicial District, and the acts and events giving rise to this lawsuit of which each Defendant stands accused were undertaken in Illinois and in this Judicial District. In addition, each Defendant has offered to sell and ship infringing products into this Judicial District.

**THE PLAINTIFF**

6.      Plaintiff YUPOONG INC. is a corporation organized under the laws of Korea with its principal place of business in Seoul, South Korea.

7.      Plaintiff FLEXFIT LLC is a limited liability company organized under the laws of New York with offices in Hicksville, New York and Brea, California.

8.     Plaintiff YUPOONG INC. is the registered owner of various FLEXFIT trademarks, including without limitation U.S. Trademark Registration No. 2,379,790.  Plaintiffs YUPOONG INC and FLEXFIT LLC have earned an international reputation for quality, reliability, and value and is credited for many breakthroughs that have occurred in the fashion industry. Plaintiff FLEXFIT LLC is the official source of FLEXFIT products in the United States, which include the following:



https://www.flexfit.com/about-us/#our-brands

9.      Since at least 1994, the FLEXFIT marks are and have been the subject of substantial and continuous marketing and promotion by Plaintiffs. Plaintiffs have and continue to widely market and promote the FLEXFIT marks in the industry and to consumers. Plaintiffs' promotional efforts include — by way of example, but not limitation — substantial print media, the FLEXFIT website and social media sites, and point of sale materials.

10.     The FLEXFIT trademarks are distinctive and identify the merchandise as goods from Plaintiffs. The registrations for the FLEXFIT trademarks constitute prima facie evidence of their validity and of Plaintiffs' exclusive right to use the trademarks pursuant to 15 U.S.C. § 1057(b).

11.     The FLEXFIT trademarks qualify as famous marks, as that term is used in 15 U.S.C. §1125 (c)(1), and have been continuously used and never abandoned.

12.     Plaintiffs have expended substantial time, money, and other resources in developing, advertising, and otherwise promoting the FLEXFIT trademarks. As a result, products bearing the FLEXFIT trademarks are widely recognized and exclusively associated by consumers, the public, and the trade as being products sourced from Plaintiffs.

**THE DEFENDANTS**

13.     Defendants are individuals and business entities who, upon information and belief, reside in the People's Republic of China or other foreign jurisdictions. Defendants conduct business throughout the United States, including within Illinois and in this Judicial District, through the operation of the fully interactive commercial websites and online marketplaces operating under the Defendant Internet Stores. Each Defendant targets the United States, including Illinois, and has offered to sell and, on information and belief, has sold and

continues to sell counterfeit FLEXFIT products to consumers within the United States, including

Illinois and in this Judicial District.

**THE DEFENDANTS' UNLAWFUL CONDUCT**

14.     The success of the FLEXFIT brand has resulted in its counterfeiting. Plaintiffs

have identified numerous domain names linked to fully interactive websites and marketplace

listings on platforms such as iOffer and Aliexpress, including the Defendant Internet Stores,

which were offering for sale, selling, and importing counterfeit FLEXFIT products to consumers

in this Judicial District and throughout the United States. Defendants have persisted in creating

the Defendant Internet Stores. Internet websites like the Defendant Internet Stores are estimated

to receive tens of millions of visits per year and to generate over $135 billion in annual online

sales. According to an intellectual property rights seizures statistics report issued by the United

States Department of Homeland Security, the manufacturer's suggested retail price (MSRP) of

goods seized by the U.S. government in fiscal year 2017 was over $1.2 billion. Internet websites

like the Defendant Internet Stores are also estimated to contribute to tens of thousands of lost

jobs for legitimate businesses and broader economic damages such as lost tax revenue every

year.

15.     Upon information and belief, Defendants facilitate sales by designing the

Defendant Internet Stores so that they appear to unknowing consumers to be authorized online

retailers, outlet stores, or wholesalers selling genuine FLEXFIT products. Many of the Defendant

Internet Stores look sophisticated and accept payment in U.S. dollars via credit cards, Western

Union, and PayPal. Defendant Internet Stores often include images and design elements that

make it very difficult for consumers to distinguish such counterfeit sites from an authorized

website. Defendants further perpetuate the illusion of legitimacy by offering "live 24/7"

6

customer service and using indicia of authenticity and security that consumers have come to associate with authorized retailers, including the McAfee® Security, VeriSign®, Visa®, MasterCard®, and PayPal® logos.

16.     Plaintiffs have not licensed or authorized Defendants to use the FLEXFIT trademarks, and none of the Defendants are authorized retailers of genuine FLEXFIT products.

17.     Upon information and belief, Defendants also deceive unknowing consumers by using the FLEXFIT trademarks without authorization within the content, text, and/or meta tags of their websites to attract various search engines crawling the Internet looking for websites relevant to consumer searches for FLEXFIT products. Additionally, upon information and belief, Defendants use other unauthorized search engine optimization (SEO) tactics and social media spamming so that the Defendant Internet Stores listings show up at or near the top of relevant search results and misdirect consumers searching for genuine FLEXFIT products. Further, Defendants utilize similar illegitimate SEO tactics to propel new domain names to the top of search results after others are shut down. As such, Plaintiffs also seek to disable Defendant Domain Names owned by Defendants that are the means by which the Defendants could continue to sell counterfeit FLEXFIT products.

18.     Defendants go to great lengths to conceal their identities and often use multiple fictitious names and addresses to register and operate their massive network of Defendant Internet Stores. For example, many of Defendants' names and physical addresses used to register the Defendant Domain Names are incomplete, contain randomly typed letters, or fail to include cities or states. Other Defendant Domain Names use privacy services that conceal the owners' identity and contact information. Upon information and belief, Defendants regularly create new websites and online marketplace accounts on various platforms using the identities listed in Schedule A to

7

the Complaint, as well as other unknown fictitious names and addresses. Such Defendant Internet Store registration patterns are one of many common tactics used by the Defendants to conceal their identities, the full scope and interworking of their massive counterfeiting operation, and to avoid being shut down.

19.     Even though Defendants operate under multiple fictitious names, there are numerous similarities among the Defendant Internet Stores. For example, some of the Defendant websites have virtually identical layouts, even though different aliases were used to register the respective domain names. In addition, the counterfeit FLEXFIT products for sale in the Defendant Internet Stores bear similarities and indicia of being related to one another, suggesting that the counterfeit FLEXFIT products were manufactured by and come from a common source and that, upon information and belief, Defendants are interrelated. The Defendant Internet Stores also include other notable common features, including use of the same domain name registration patterns, unique shopping cart platforms, accepted payment methods, check-out methods, meta data, illegitimate SEO tactics, HTML user-defined variables, domain redirection, lack of contact information, identically or similarly priced items and volume sales discounts, similar hosting services, similar name servers, and the use of the same text and images.

20.     In addition to operating under multiple fictitious names, Defendants in this case and defendants in other similar cases against online counterfeiters use a variety of other common tactics to evade enforcement efforts. For example, counterfeiters like Defendants will often register new domain names or online marketplace accounts under new aliases once they receive notice of a lawsuit. Counterfeiters also often move website hosting to rogue servers located outside the United States once notice of a lawsuit is received. Rogue servers are notorious for ignoring take down demands sent by brand owners. Counterfeiters also typically ship products in

small quantities via international mail to minimize detection by U.S. Customs and Border

Protection. A 2012 U.S. Customs and Border Protection report on seizure statistics indicated that

the Internet has fueled "explosive growth" in the number of small packages of counterfeit goods

shipped through the mail and express carriers.

21.     Further, counterfeiters such as Defendants typically operate multiple credit card

merchant accounts and PayPal accounts behind layers of payment gateways so that they can

continue operation in spite of Plaintiffs' enforcement efforts. Upon information and belief,

Defendants maintain off-shore bank accounts and regularly move funds from their PayPal accounts

to off-shore bank accounts outside the jurisdiction of this Court. Indeed, analysis of PayPal

transaction logs from previous similar cases indicates that offshore counterfeiters regularly move

funds from U.S.-based PayPal accounts to China-based bank accounts outside the jurisdiction of

this Court.

22.     Defendants, without any authorization or license from Plaintiffs, have knowingly

and willfully used and continue to use the FLEXFIT trademarks in connection with the

advertisement, distribution, offering for sale, and sale of counterfeit FLEXFIT products into the

United States and Illinois over the Internet. Each Defendant Internet Store offers shipping to the

United States, including Illinois and, on information and belief, each Defendant has offered to

sell counterfeit FLEXFIT products into the United States, including Illinois.

23.     Defendants' use of the FLEXFIT trademarks in connection with the advertising,

distribution, offering for sale, and sale of counterfeit FLEXFIT products, including the sale of

counterfeit FLEXFIT products into Illinois, is likely to cause and has caused confusion, mistake,

and deception by and among consumers and is irreparably harming Plaintiffs.

**COUNT I**

**TRADEMARK INFRINGEMENT AND COUNTERFEITING (15 U.S.C. § 1114)**

24.     Plaintiffs repeat and incorporate by reference herein its allegations contained in paragraphs 1-23 of this Complaint.

25.     This is a trademark infringement action against Defendants based on their unauthorized use in commerce of counterfeit imitations of the registered FLEXFIT trademarks in connection with the sale, offering for sale, distribution, and/or advertising of infringing goods. The FLEXFIT trademarks are highly distinctive marks. Consumers have come to expect the highest quality from Plaintiffs' products provided under the FLEXFIT trademarks.

26.     Defendants have sold, offered to sell, marketed, distributed, and advertised, and are still selling, offering to sell, marketing, distributing, and advertising products in connection with the FLEXFIT trademarks without Plaintiffs' permission.

27.     Plaintiff YUPOONG INC. is the registered owner of various FLEXFIT trademarks, including without limitation U.S. Trademark Registration No. 2,379,790, and Plaintiff FLEXFIT LLC is the official source of FLEXFIT products in the United States. The United States Registration for the FLEXFIT trademarks (including Exhibit 1) are in full force and effect. Upon information and belief, Defendants have knowledge of Plaintiffs' rights in the FLEXFIT trademarks and are willfully infringing and intentionally using counterfeits of the FLEXFIT trademarks. Defendants' willful, intentional, and unauthorized use of the FLEXFIT trademarks is likely to cause and is causing confusion, mistake, and deception as to the origin and quality of the counterfeit goods among the general public.

28.     Defendants' activities constitute willful trademark infringement and counterfeiting under 15 U.S.C. §§ 1114, 1117.

29.     The injuries and damages sustained by Plaintiffs have been directly and proximately caused by Defendants' wrongful reproduction, use, advertisement, promotion, offering to sell, and sale of counterfeit FLEXFIT products.

30.     Plaintiffs have no adequate remedy at law, and, if Defendants' actions are not enjoined, Plaintiffs will continue to suffer irreparable harm to their reputation and the goodwill of their well-known FLEXFIT trademarks.

## COUNT II

## FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125(a))

31.     Plaintiffs repeat and incorporate by reference herein its allegations contained in paragraphs 1-23 of this Complaint.

32.     Defendants' promotion, marketing, offering for sale, and sale of counterfeit FLEXFIT products has created and is creating a likelihood of confusion, mistake, and deception among the general public as to the affiliation, connection, or association with Plaintiffs or the origin, sponsorship, or approval of Defendants' counterfeit FLEXFIT products by Plaintiffs.

33.     By using the FLEXFIT trademarks in connection with the sale of counterfeit FLEXFIT products, Defendants create a false designation of origin and a misleading representation of fact as to the origin and sponsorship of the counterfeit FLEXFIT products.

34.     Defendants' conduct constitutes willful false designation of origin and misrepresentation of fact as to the origin and/or sponsorship of the counterfeit FLEXFIT products to the general public under 15 U.S.C. §§ 1114, 1125.

35.     Plaintiffs have no adequate remedy at law, and, if Defendants' actions are not enjoined, Plaintiffs will continue to suffer irreparable harm to their reputation and the goodwill of their brand.

**COUNT III**

**VIOLATION OF ILLINOIS UNIFORM DECEPTIVE TRADE PRACTICES ACT**

**(815 ILCS § 510/1, et seq.)**

36.     Plaintiffs repeat and incorporate by reference herein its allegations contained in paragraphs 1-23 of this Complaint.

37.     Defendants have engaged in acts violating Illinois law including, but not limited to, passing off their counterfeit FLEXFIT products as those of Plaintiffs, causing a likelihood of confusion and/or misunderstanding as to the source of their goods, causing a likelihood of confusion and/or misunderstanding as to an affiliation, connection, or association with genuine FLEXFIT products, representing that their products have Plaintiffs' approval when they do not, and engaging in other conduct which creates a likelihood of confusion or misunderstanding among the public.

38.     The foregoing acts of Defendants constitute a willful violation of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS § 510/1, et seq.

39.     Plaintiffs have no adequate remedy at law, and Defendants' conduct has caused Plaintiffs to suffer damage to their reputation and goodwill. Unless enjoined by the Court, Plaintiffs will suffer future irreparable harm as a direct result of Defendants' unlawful activities.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for judgment against Defendants and each of them as follows:

1.     That Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under, or in active concert with them be temporarily, preliminarily, and permanently enjoined and restrained from:

a. using the FLEXFIT trademarks or any reproductions, counterfeit copies, or colorable imitations thereof in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine FLEXFIT product or is not authorized by Plaintiffs to be sold in connection with the FLEXFIT trademarks;

b. passing off, inducing, or enabling others to sell or pass off any product as a genuine FLEXFIT product or any other product produced by Plaintiffs that is not Plaintiffs' or not produced under the authorization, control, or supervision of Plaintiffs and approved by Plaintiffs for sale under the FLEXFIT trademarks;

c. committing any acts calculated to cause consumers to believe that Defendants' counterfeit FLEXFIT products are those sold under the authorization, control, or supervision of Plaintiffs, or are sponsored by, approved by, or otherwise connected with Plaintiffs;

d. further infringing the FLEXFIT trademarks and damaging Plaintiffs' goodwill;

e. otherwise competing unfairly with Plaintiffs in any manner;

f. shipping, delivering, holding for sale, transferring, or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiffs, nor authorized by Plaintiffs to be sold or offered for sale, and which bear any Plaintiff trademark, including the FLEXFIT trademarks, or any reproductions, counterfeit copies, or colorable imitations thereof;

g. using, linking to, transferring, selling, exercising control over, or otherwise owning the Online Marketplace Accounts, the Defendant Domain Names, or any other

domain name or online marketplace account that is being used to sell or is the means by which Defendants could continue to sell counterfeit FLEXFIT products; and

h. operating and/or hosting websites at the Defendant Domain Names and any other domain names registered or operated by Defendants that are involved with the distribution, marketing, advertising, offering for sale, or sale of any product bearing the FLEXFIT trademarks or any reproduction, counterfeit copy or colorable imitation thereof that is not a genuine FLEXFIT product or not authorized by Plaintiffs to be sold in connection with the FLEXFIT trademarks; and

2.     That Defendants, within fourteen (14) days after service of judgment with notice of entry thereof upon them, be required to file with the Court and serve upon Plaintiffs a written report under oath setting forth in detail the manner and form in which Defendants have complied with paragraph 1 above;

3.     Entry of an Order that, at Plaintiffs' choosing, the registrant of the Defendant Domain Names shall be changed from the current registrant to Plaintiffs, and that the domain name registries for the Defendant Domain Names, including, but not limited to, VeriSign, Inc., Neustar, Inc., Afilias Limited, CentralNic, Nominet, and the Public Interest Registry, shall unlock and change the registrar of record for the Defendant Domain Names to a registrar of Plaintiffs' selection, and that the domain name registrars take any steps necessary to transfer the Defendant Domain Names to a registrar of Plaintiffs' selection; or that the same domain name registries shall disable the Defendant Domain Names and make them inactive and untransferable;

4.     Entry of an Order that, upon Plaintiffs' request, those in privity with Defendants and those with notice of the injunction, including any online marketplaces such as iOffer and

Alibaba Group Holding Ltd., Alipay.com Co., Ltd., and any related Alibaba entities (collectively, "Alibaba"), social media platforms such as Facebook, YouTube, LinkedIn, Twitter, Internet search engines such as Google, Bing and Yahoo, web hosts for the Defendant Domain Names, and domain name registrars, shall:

   a. disable and cease providing services for any accounts through which Defendants engage in the sale of counterfeit FLEXFIT products using the FLEXFIT trademarks, including any accounts associated with the Defendants listed on Schedule A;

   b. disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of counterfeit FLEXFIT products using the FLEXFIT trademarks; and

   c. take all steps necessary to prevent links to the Defendant Domain Names identified on Schedule A from displaying in search results, including, but not limited to, removing links to the Defendant Domain Names from any search index.

5.     That Defendants account for and pay to Plaintiffs all profits realized by Defendants by reason of Defendants' unlawful acts herein alleged, and that the amount of damages for infringement of the FLEXFIT trademarks be increased by a sum not exceeding three times the amount thereof as provided by 15 U.S.C. § 1117.

6.     In the alternative, that Plaintiffs be awarded statutory damages pursuant to 15 U.S.C. § 1117(c) of not less than $1,000 and not more than $2,000,000 for each and every use of the FLEXFIT trademarks;

7.     That Plaintiffs be awarded its reasonable attorneys' fees and costs; and

8.    Award any and all other relief that this Court deems just and proper.

Dated:    October 9, 2018

Respectfully submitted,
DUNLAP BENNETT & LUDWIG, PLLC

By:   /s/ *Nicholas A. Kurtz*

Nicholas A. Kurtz
ARDC No. 6320053
Dunlap Bennett & Ludwig, PLLC
55 E. Monroe, Suite 3800
Chicago, IL 60603
(312) 868-0714
nkurtz@dbllawyers.com
*Counsel for Plaintiffs*
YUPOONG INC. and FLEXFIT LLC

**EXHIBIT 1**

**SCHEDULE A TO COMPLAINT – *PROVISIONALLY FILED UNDER SEAL***

| No. | Seller Names | Defendant Online Marketplace |
|---|---|---|
| 1 | | |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | | |
| 6 | | |
| 7 | | |
| 8 | | |
| 9 | | |
| 10 | | |
| 11 | | |
| 12 | | |
| 13 | | |
| 14 | | |
| 15 | | |
| 16 | | |
| 17 | | |
| 18 | | |
| 19 | | |
| 20 | | |
| 21 | | |
| 22 | | |
| 23 | | |
| 24 | | |
| 25 | | |
| 26 | | |
| 27 | | |
| 28 | | |
| 29 | | |
| 30 | | |
| 31 | | |
| 32 | | |
| 33 | | |
| 34 | | |
| 35 | | |
| 36 | | |
| 37 | | |
| 38 | | |
| 39 | | |
| 40 | | |
| 41 | | |
| 42 | | |

| No. | Seller Names | Defendant Online Marketplace |
|-----|--------------|------------------------------|
| 43 | | |
| 44 | | |
| 45 | | |
| 46 | | |
| 47 | | |
| 48 | | |
| 49 | | |
| 50 | | |
| 51 | | |
| 52 | | |
| 53 | | |
| 54 | | |
| 55 | | |
| 56 | | |
| 57 | | |
| 58 | | |
| 59 | | |
| 60 | | |
| 61 | | |
| 62 | | |
| 63 | | |
| 64 | | |
| 65 | | |
| 66 | | |
| 67 | | |
| 68 | | |
| 69 | | |
| 70 | | |
| 71 | | |
| 72 | | |
| 73 | | |
| 74 | | |
| 75 | | |
| 76 | | |
| 77 | | |
| 78 | | |
| 79 | | |
| 80 | | |
| 81 | | |
| 82 | | |
| 83 | | |
| 84 | | |
| 85 | | |
| 86 | | |

| No. | Seller Names | Defendant Online Marketplace |
|-----|--------------|------------------------------|
| 87  |              |                              |
| 88  |              |                              |
| 89  |              |                              |
| 90  |              |                              |
| 91  |              |                              |
| 92  |              |                              |
| 93  |              |                              |
| 94  |              |                              |
| 95  |              |                              |
| 96  |              |                              |
| 97  |              |                              |
| 98  |              |                              |
| 99  |              |                              |
| 100 |              |                              |
| 101 |              |                              |
| 102 |              |                              |
| 103 |              |                              |
| 104 |              |                              |
| 105 |              |                              |
| 106 |              |                              |
| 107 |              |                              |
| 108 |              |                              |
| 109 |              |                              |
| 110 |              |                              |
| 111 |              |                              |
| 112 |              |                              |
| 113 |              |                              |
| 114 |              |                              |
| 115 |              |                              |
| 116 |              |                              |
| 117 |              |                              |
| 118 |              |                              |
| 119 |              |                              |
| 120 |              |                              |
| 121 |              |                              |
| 122 |              |                              |
| 123 |              |                              |
| 124 |              |                              |
| 125 |              |                              |
| 126 |              |                              |
| 127 |              |                              |
| 128 |              |                              |
| 129 |              |                              |
| 130 |              |                              |

| No. | Seller Names | Defendant Online Marketplace |
|-----|--------------|------------------------------|
| 131 | | |
| 132 | | |
| 133 | | |
| 134 | | |
| 135 | | |
| 136 | | |
| 137 | | |
| 138 | | |
| 139 | | |
| 140 | | |
| 141 | | |
| 142 | | |
| 143 | | |
| 144 | | |
| 145 | | |
| 146 | | |
| 147 | | |
| 148 | | |
| 149 | | |
| 150 | | |
| 151 | | |
| 152 | | |
| 153 | | |
| 154 | | |
| 155 | | |
| 156 | | |
| 157 | | |
| 158 | | |
| 159 | | |
| 160 | | |
| 161 | | |
| 162 | | |
| 163 | | |
| 164 | | |
| 165 | | |
| 166 | | |
| 167 | | |
| 168 | | |
| 169 | | |
| 170 | | |
| 171 | | |
| 172 | | |
| 173 | | |
| 174 | | |

| No. | Seller Names | Defendant Online Marketplace |
|-----|--------------|------------------------------|
| 175 | | |
| 176 | | |
| 177 | | |
| 178 | | |
| 179 | | |
| 180 | | |
| 181 | | |
| 182 | | |
| 183 | | |
| 184 | | |
| 185 | | |
| 186 | | |
| 187 | | |
| 188 | | |
| 189 | | |
| 190 | | |
| 191 | | |
| 192 | | |
| 193 | | |
| 194 | | |
| 195 | | |
| 196 | | |
| 197 | | |
| 198 | | |
| 199 | | |
| 200 | | |
| 201 | | |
| 202 | | |
| 203 | | |
| 204 | | |
| 205 | | |
| 206 | | |
| 207 | | |
| 208 | | |
| 209 | | |
| 210 | | |
| 211 | | |
| 212 | | |
| 213 | | |
| 214 | | |
| 215 | | |
| 216 | | |
| 217 | | |
| 218 | | |

| No. | Seller Names | Defendant Online Marketplace |
|-----|--------------|------------------------------|
| 219 | | |
| 220 | | |
| 221 | | |
| 222 | | |
| 223 | | |
| 224 | | |
| 225 | | |
| 226 | | |
| 227 | | |
| 228 | | |
| 229 | | |
| 230 | | |
| 231 | | |
| 232 | | |
| 233 | | |
| 234 | | |
| 235 | | |
| 236 | | |
| 237 | | |
| 238 | | |
| 239 | | |
| 240 | | |
| 241 | | |
| 242 | | |
| 243 | | |
| 244 | | |
| 245 | | |
| 246 | | |
| 247 | | |
| 248 | | |
| 249 | | |
| 250 | | |
| 251 | | |
| 252 | | |
| 253 | | |
| 254 | | |
| 255 | | |
| 256 | | |
| 257 | | |
| 258 | | |
| 259 | | |
| 260 | | |
| 261 | | |
| 262 | | |

| No. | Seller Names | Defendant Online Marketplace |
|-----|--------------|------------------------------|
| 263 | | |
| 264 | | |
| 265 | | |
| 266 | | |
| 267 | | |
| 268 | | |
| 269 | | |
| 270 | | |
| 271 | | |
| 272 | | |
| 273 | | |
| 274 | | |
| 275 | | |
| 276 | | |
| 277 | | |
| 278 | | |
| 279 | | |
| 280 | | |
| 281 | | |
| 282 | | |
| 283 | | |
| 284 | | |
| 285 | | |
| 286 | | |
| 287 | | |
| 288 | | |
| 289 | | |
| 290 | | |
| 291 | | |
| 292 | | |
| 293 | | |
| 294 | | |
| 295 | | |
| 296 | | |
| 297 | | |
| 298 | | |
| 299 | | |
| 300 | | |
| 301 | | |
| 302 | | |
| 303 | | |
| 304 | | |
| 305 | | |
| 306 | | |

| No. | Seller Names | Defendant Online Marketplace |
|-----|--------------|------------------------------|
| 307 | | |
| 308 | | |
| 309 | | |
| 310 | | |
| 311 | | |
| 312 | | |
| 313 | | |
| 314 | | |
| 315 | | |
| 316 | | |
| 317 | | |
| 318 | | |
| 319 | | |
| 320 | | |
| 321 | | |
| 322 | | |
| 323 | | |
| 324 | | |
| 325 | | |
| 326 | | |
| 327 | | |
| 328 | | |
| 329 | | |
| 330 | | |
| 331 | | |
| 332 | | |
| 333 | | |
| 334 | | |
| 335 | | |
| 336 | | |
| 337 | | |
| 338 | | |
| 339 | | |
| 340 | | |
| 341 | | |
| 342 | | |
| 343 | | |
| 344 | | |
| 345 | | |
| 346 | | |
| 347 | | |
| 348 | | |
| 349 | | |
| 350 | | |

| No. | Seller Names | Defendant Online Marketplace |
|-----|--------------|------------------------------|
| 351 | | |
| 352 | | |
| 353 | | |
| 354 | | |
| 355 | | |
| 356 | | |
| 357 | | |
| 358 | | |
| 359 | | |
| 360 | | |
| 361 | | |
| 362 | | |
| 363 | | |
| 364 | | |
| 365 | | |
| 366 | | |
| 367 | | |
| 368 | | |
| 369 | | |
| 370 | | |
| 371 | | |
| 372 | | |
| 373 | | |
| 374 | | |
| 375 | | |
| 376 | | |
| 377 | | |
| 378 | | |
| 379 | | |
| 380 | | |
| 381 | | |
| 382 | | |
| 383 | | |
| 384 | | |
| 385 | | |
| 386 | | |
| 387 | | |
| 388 | | |
| 389 | | |
| 390 | | |
| 391 | | |
| 392 | | |
| 393 | | |
| 394 | | |

| No. | Seller Names | Defendant Online Marketplace |
|-----|--------------|------------------------------|
| 395 | | |
| 396 | | |
| 397 | | |
| 398 | | |
| 399 | | |
| 400 | | |
| 401 | | |
| 402 | | |
| 403 | | |
| 404 | | |
| 405 | | |
| 406 | | |
| 407 | | |
| 408 | | |
| 409 | | |
| 410 | | |
| 411 | | |
| 412 | | |
| 413 | | |
| 414 | | |
| 415 | | |
| 416 | | |
| 417 | | |
| 418 | | |
| 419 | | |
| 420 | | |
| 421 | | |
| 422 | | |
| 423 | | |
| 424 | | |
| 425 | | |
| 426 | | |
| 427 | | |
| 428 | | |
| 429 | | |
| 430 | | |
| 431 | | |
| 432 | | |
| 433 | | |
| 434 | | |
| 435 | | |
| 436 | | |
| 437 | | |
| 438 | | |

| No. | Seller Names | Defendant Online Marketplace |
|-----|--------------|------------------------------|
| 439 | | |
| 440 | | |
| 441 | | |
| 442 | | |
| 443 | | |
| 444 | | |
| 445 | | |
| 446 | | |
| 447 | | |
| 448 | | |
| 449 | | |
| 450 | | |
| 451 | | |
| 452 | | |
| 453 | | |
| 454 | | |
| 455 | | |
| 456 | | |
| 457 | | |
| 458 | | |
| 459 | | |
| 460 | | |
| 461 | | |
| 462 | | |
| 463 | | |
| 464 | | |
| 465 | | |
| 466 | | |
| 467 | | |
| 468 | | |
| 469 | | |
| 470 | | |
| 471 | | |
| 472 | | |
| 473 | | |
| 474 | | |
| 475 | | |
| 476 | | |
| 477 | | |
| 478 | | |
| 479 | | |
| 480 | | |
| 481 | | |
| 482 | | |

| No. | Seller Names | Defendant Online Marketplace |
|-----|--------------|------------------------------|
| 483 | | |
| 484 | | |
| 485 | | |
| 486 | | |
| 487 | | |
| 488 | | |
| 489 | | |
| 490 | | |
| 491 | | |
| 492 | | |
| 493 | | |
| 494 | | |
| 495 | | |
| 496 | | |
| 497 | | |
| 498 | | |
| 499 | | |
| 500 | | |
| 501 | | |
| 502 | | |
| 503 | | |
| 504 | | |
| 505 | | |
| 506 | | |
| 507 | | |
| 508 | | |
| 509 | | |
| 510 | | |
| 511 | | |
| 512 | | |
| 513 | | |
| 514 | | |
| 515 | | |
| 516 | | |
| 517 | | |
| 518 | | |
| 519 | | |
| 520 | | |
| 521 | | |
| 522 | | |
| 523 | | |
| 524 | | |
| 525 | | |
| 526 | | |

| No. | Seller Names | Defendant Online Marketplace |
|-----|--------------|------------------------------|
| 527 | | |
| 528 | | |
| 529 | | |
| 530 | | |
| 531 | | |
| 532 | | |
| 533 | | |
| 534 | | |
| 535 | | |
| 536 | | |
| 537 | | |
| 538 | | |
| 539 | | |
| 540 | | |
| 541 | | |
| 542 | | |
| 543 | | |
| 544 | | |
| 545 | | |
| 546 | | |
| 547 | | |
| 548 | | |
| 549 | | |
| 550 | | |
| 551 | | |
| 552 | | |
| 553 | | |
| 554 | | |
| 555 | | |
| 556 | | |
| 557 | | |
| 558 | | |
| 559 | | |
| 560 | | |
| 561 | | |
| 562 | | |
| 563 | | |
| 564 | | |
| 565 | | |
| 566 | | |
| 567 | | |
| 568 | | |
| 569 | | |
| 570 | | |

| No. | Seller Names | Defendant Online Marketplace |
|-----|--------------|------------------------------|
| 571 | | |
| 572 | | |
| 573 | | |
| 574 | | |
| 575 | | |
| 576 | | |
| 577 | | |
| 578 | | |
| 579 | | |
| 580 | | |
| 581 | | |
| 582 | | |
| 583 | | |
| 584 | | |
| 585 | | |
| 586 | | |
| 587 | | |
| 588 | | |
| 589 | | |
| 590 | | |
| 591 | | |
| 592 | | |
| 593 | | |
| 594 | | |
| 595 | | |
| 596 | | |
| 597 | | |
| 598 | | |
| 599 | | |
| 600 | | |
| 601 | | |
| 602 | | |
| 603 | | |
| 604 | | |
| 605 | | |
| 606 | | |
| 607 | | |
| 608 | | |
| 609 | | |
| 610 | | |
| 611 | | |
| 612 | | |
| 613 | | |
| 614 | | |

| No. | Seller Names | Defendant Online Marketplace |
|-----|--------------|------------------------------|
| 615 | | |
| 616 | | |
| 617 | | |
| 618 | | |
| 619 | | |
| 620 | | |
| 621 | | |
| 622 | | |
| 623 | | |
| 624 | | |
| 625 | | |
| 626 | | |
| 627 | | |
| 628 | | |
| 629 | | |
| 630 | | |
| 631 | | |
| 632 | | |
| 633 | | |
| 634 | | |
| 635 | | |
| 636 | | |
| 637 | | |
| 638 | | |
| 639 | | |
| 640 | | |
| 641 | | |
| 642 | | |
| 643 | | |
| 644 | | |
| 645 | | |
| 646 | | |
| 647 | | |
| 648 | | |
| 649 | | |
| 650 | | |
| 651 | | |
| 652 | | |
| 653 | | |
| 654 | | |
| 655 | | |
| 656 | | |
| 657 | | |
| 658 | | |

| No. | Seller Names | Defendant Online Marketplace |
|-----|--------------|------------------------------|
| 659 | | |
| 660 | | |
| 661 | | |
| 662 | | |
| 663 | | |
| 664 | | |
| 665 | | |
| 666 | | |
| 667 | | |
| 668 | | |
| 669 | | |
| 670 | | |
| 671 | | |
| 672 | | |
| 673 | | |
| 674 | | |
| 675 | | |
| 676 | | |
| 677 | | |
| 678 | | |
| 679 | | |
| 680 | | |
| 681 | | |
| 682 | | |
| 683 | | |
| 684 | | |
| 685 | | |
| 686 | | |
| 687 | | |
| 688 | | |
| 689 | | |
| 690 | | |
| 691 | | |
| 692 | | |
| 693 | | |
| 694 | | |
| 695 | | |
| 696 | | |
| 697 | | |
| 698 | | |
| 699 | | |
| 700 | | |
| 701 | | |
| 702 | | |

| No. | Seller Names | Defendant Online Marketplace |
|-----|--------------|------------------------------|
| 703 | | |
| 704 | | |
| 705 | | |
| 706 | | |
| 707 | | |
| 708 | | |
| 709 | | |
| 710 | | |
| 711 | | |
| 712 | | |
| 713 | | |
| 714 | | |
| 715 | | |
| 716 | | |
| 717 | | |
| 718 | | |
| 719 | | |
| 720 | | |
| 721 | | |
| 722 | | |
| 723 | | |